[No. 11790.   Department One. — August 30, 1887.]

## POWHATTAN BRYAN, APPELLANT, *v.* IDAHO QUARTZ MINING COMPANY, RESPONDENT.

GRANT OF RIGHT OF WAY FOR DITCH — CONSTRUCTION — WASTE WATER. — A deed conveying to a mining company the right to erect and maintain a reservoir upon the land of the grantor, with a right of way across such land for a water ditch leading from the reservoir to a mine of the grantee, in consideration that the grantor should have the right to appropriate to his own use, and to conduct, wherever he should desire, so much of the waste water flowing from the reservoir as he saw fit, does not impose any restriction upon the disposition that the grantee may make of the waters of the reservoir, or prevent it from allowing another person to tap its ditch and conduct the water therefrom at a point between its mine and the land of the grantor.

EVIDENCE — WRITTEN CONTRACT — CONVERSATIONS SHOWING UNDERSTAND- ING OF PARTIES. — In an action to enforce a written contract which is perfectly clear in its terms, parol evidence of prior conversations be- tween the parties as to their understanding of its meaning is inadmis- sible.

APPEAL — JUDGMENT — RESPONDENT CANNOT QUESTION. — A party not ap- pealing from a judgment cannot question its correctness upon an appeal taken by his adversary.

APPEAL from a judgment of the Superior Court of Nevada County, and from an order refusing a new trial.

The facts are stated in the opinion

*Farley & Little*, and *Frank Power*, for Appellant.

*Cross & Simonds*, and *C. W. Kitts*, for Respondent

HAYNE, C. — The plaintiff made a deed by which he granted, bargained, sold, and conveyed to the defendant the right to make and maintain a water ditch upon and across his land, along a line then surveyed, to a certain point upon the land, and the right to construct and main- tain at such point a reservoir not exceeding one and one half acres, the exact site thereof to be thereafter deter- mined, and the right to "lay down and maintain upon said premises an iron pipe, flume, ditch, or other con- duit leading from said dam or reservoir to the Idaho

quartz mine; also a strip of land one rod in width along the whole length of said pipe or ditch, said pipe or ditch to be the center of said strip; also the land upon which said reservoir shall be constructed, not exceeding one and one half acres in extent; also the right of way, with sufficient land for a ditch to carry away the waste water from said dam or reservoir, said ditch to be constructed on such land as the grantee may hereafter determine; also the right of said grantee or its successors and its and their servants, officers, agents, and employees, to at all times enter upon and pass over and through said premises for the purpose of repairing and maintaining said ditches, pipes, and reservoirs. . . . . The land herein conveyed being simply for right of way for said ditch, reservoir, and pipe, and for no other purpose. Together with all and singular the tenements, hereditaments, and appurtenances thereunto belonging or in anywise appertaining, and the reversion, reversions, remainder, remainders, rents, issues, and profits thereof, to have and to hold all and singular of said premises, together with the appurtenances unto the said party of the second part, and to its successors and assigns forever."

The deed contained also the following clause:—

" It being understood and a part of the consideration for this conveyance that the grantor shall have the right at all times to appropriate for his own use, and to conduct wherever he shall desire, so much of the waste water flowing over said dam or reservoir as he shall choose."

The plaintiff's grievance is, that the defendant allowed the Maryland Mining Company to tap its pipe "by a branch pipe or tap in said iron pipe leading to the said Idaho quartz mine at a long distance from said reservoir and said Idaho quartz mine, and intermediate the same"; and that by reason of such diversion there was not enough waste water for his purposes. But we do

not think he has any legal ground of complaint. It does not appear that he was the owner of any of the water which was conducted across and collected upon his land. All the water right which he has comes from his contract with the defendant. And by this contract he is entitled only to the waste water. In order to say that the plaintiff is entitled to the water sold to the Maryland company, we must affirm that such water is "waste water," which we are unable to do. It is perfectly true that the quantity of waste water is diminished by the use of the Maryland company. But there is no covenant that there shall be any waste water. Nor is there anything in the contract imposing upon the defendant an obligation to use all the water at the Idaho mine. That mine is simply mentioned as the terminus of the flume leading from the reservoir. We see no restriction whatever upon the disposition which the defendant may make of the water. If the plaintiff desired any such restriction, he should have had it put in the contract.

The contract being perfectly clear, and the action being in affirmance of the contract, the court below was right in rejecting parol evidence of prior conversations, and as to what was understood, etc.

If the branch pipe put in for the use of the Maryland company were upon plaintiff's land, it might be objected by him that this additional burden was not authorized by his deed. But it appears from the findings that this branch pipe was put in " at a point *between* the land of plaintiff and the Idaho quartz mine."

We think, therefore, that the judgment refusing any relief to the plaintiff was proper.

Upon the cross-complaint of the defendant the court decreed that the defendant " is the owner of the right of way forever over the lands hereinafter described, for a ditch, pipe, flume, conduit, and reservoir to store and convey water, etc., . . . . for any lawful purpose."

The defendant argues that the decree ought to have

adjudged that it is the owner in fee-simple of the land covered by the reservoir and the ditch, and not simply of a right of way. But not having appealed, it cannot be heard upon this question. So far as the plaintiff is concerned, the only doubt is whether this part of the judgment was not too favorable to him.

The other matters argued do not require special mention.

We therefore advise that the judgment and order be affirmed.

FOOTE, C., and BELCHER, C. C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment and order are affirmed.